UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GRANT TONER,

    Plaintiff,                                   Case No. 11-10835
                                                       Honorable Thomas L. Ludington

v.

VILLAGE OF ELKTON; SCOTT JOBES,
individually and in his official capacity,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Grant Toner was arrested for drunk driving on October 19, 2008. Plaintiff claims that during the arrest Defendant Scott Jobes, the Village of Elkton's Chief of Police, tore the rotator cuff in his right shoulder while beating him. Plaintiff filed a complaint in March 2011, alleging that Defendant used excessive force during his arrest. Defendant moved for summary judgment in June 2012.

Generally, at the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). The Supreme Court has emphasized that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Scott*, 550 U.S. at 380 (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote omitted)). "[T]he mere existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986) (emphasis in original).  When the parties tell two different stories, "one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Plaintiff's story involving Defendant's use of excessive force is dramatically contradicted by the record in this case.  Plaintiff says Defendant wrenched his arms into the air and tore his rotator cuff before any other officers arrived on the scene.  Plaintiff says Defendant smashed his head into a police car, knocked his hat to the ground, and then unceremoniously threw him into the backseat.  Plaintiff says all the while Defendant disrespected and taunted him, laughed, and was just plain mean.

The record indicates otherwise.  Another Elkton Police Officer, Todd Schember, testified he arrived on scene just as Plaintiff was being handcuffed.  The audio recording from the arrest supports this testimony.  Deputy Schember further testified that no abuse of any kind took place while Plaintiff was placed into the backseat of Defendant's police cruiser.  The audio recording supports that conclusion as well.  Plaintiff's medical admission forms from the police station support that conclusion.  Plaintiff's own statements to officers that night, doctors at the hospital, and the Judge during his DUI hearing support that conclusion.  Because there was no genuine issue of material fact as to whether Defendant used excessive force, only Plaintiff's unsupported allegations that no reasonable jury would believe, Defendant's motion for summary judgment was granted.

Plaintiff has now asked the Court to reconsider granting Defendant's motion for summary judgment, arguing that the Court improperly speculated as to what caused Plaintiff's injury and improperly construed the evidence in Defendant's favor. Plaintiff's motion for reconsideration will be denied.

**I**

A motion for reconsideration will be granted if the moving party shows: "(1) a 'palpable defect,' (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michalec*, 181 F. Supp. 2d at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Michalec*, 181 F. Supp. 2d at 734 (brackets omitted) (quoting E.D. Mich. LR 7.1(h)(3)).

**II**

Here, Plaintiff claims the Opinion and Order granting Defendant's motion for summary judgment suffers from two "palpable" defects: that the Court speculated and weighed various theories of causation as to Plaintiff's injury; and that the Court "used the lack of recorded sound to support its finding that Plaintiff did not suffer his injuries as a result of [Defendant's] conduct." Pl.'s Mot. ¶ 7 (internal quotation marks omitted).

**A**

Plaintiff first suggests that the Court "engaged in impermissible fact-finding with respect to the nature and origin of Plaintiff's injuries." *Id*. at ¶ 2.

Plaintiff's doctor, Craig McManaman, indicated in May 2010 that his "one and only interest in [Plaintiff's] case is to treat his shoulder." Defs.' Mot. Summ. J. Ex. 9. At that time, Dr. McManaman told Plaintiff that there was no way to know what caused the injury to his shoulder; that it could result from lifting things or even falling down. Pl.'s Dep. 74–75. Specifically, Plaintiff testified concerning his shoulder injury as follows:

> Q: Did [Dr. McManaman] tell you how those types of injuries generally occur?
> A: Yes.
>
> Q: And what did he tell you regarding that?
> A: It could be anything from lifting, to handcuffs behind your back to somebody picking you up on the weight.
>
> Q: He told you that, Dr. –
> A: It could be anything.
>
>     * * * * *
>
> A: There is no way of knowing.
>
> Q: That [being handcuffed] might have caused it?
> A: Yeah.
>
> Q: No way of knowing?
> A: No.

*Id*. Nevertheless, Plaintiff believes Defendant caused his shoulder injury "because it was not like that prior to that night." *Id*. at 78–79.

In the October 4, 2012 Opinion and Order, this Court noted that during October 19, 2008 Plaintiff was involved with "heavy lifting" as he moved farming machinery and carried rocks around a farm. *Id*. at 108. The Court indicated that these were just the sort of activities Dr. McManaman said could cause a torn rotator cuff like the one suffered by Plaintiff. The Court did not conclude that these activities *were* the cause of Plaintiff's injuries. The fact that

Plaintiff's injury could have been caused in a number of other ways is merely an additional brick in the wall of reasons Defendant's motion for summary judgment should have been granted.

It appears that somehow Dr. McManaman was able to decipher the exact cause of Plaintiff's injury once Defendant's motion for summary judgment was granted, despite his earlier indications that this would be impossible. Plaintiff now offers a letter from Dr. McManaman, dated October 18, 2012, in which Dr. McManaman asserts that Plaintiff's injury was secondary to his altercation with the Elkton Police. Pl.'s Mot. Ex. 1. Although Plaintiff did not originally see Dr. McManaman until over eighteen months after his arrest, the doctor explains in his letter that he reviewed Plaintiff's injury "shortly after he was arrested by the Elkton Police." *Id*. Dr. McManaman's letter also confirms that his opinion is based on information provided solely by Plaintiff. He writes that during Plaintiff's arrest Defendant "forcibly put handcuffs on him and pulled his right shoulder behind his back and carried him to jail . . . [Plaintiff] did not have any pain or dysfunction prior to the incident, and then after the incident he had persistent pain and dysfunction." *Id*.

But even if Dr. McManaman's letter was consistent with his previous statements and based on all the evidence in the case, a motion for reconsideration is not for the purpose of offering "a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Jones v. Mathai*, 06-11925, 2010 WL 4921558, at *2 (E.D. Mich. Nov. 29, 2010) (internal quotation marks omitted) (quoting *McConocha v. Blue Cross Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). Dr. McManaman's opinion need not be considered now.

**B**

Plaintiff next argues that the Court erred when it relied upon the lack of recorded sound to support the finding that Plaintiff's story was blatantly contradicted by the record, citing *Coble v. City of White House*, 634 F.3d 865 (6th Cir. 2011). This is not a new argument, only the restatement of Plaintiff's earlier argument in opposition to Defendant's motion for summary judgment. Then, as now, it is not simply the lack of sound recorded on the audio, but also what was recorded, that contradicts Plaintiff's allegations. He claims his head was smashed on the car, then Defendant laughed at him and taunted him. The audio records Defendant telling Plaintiff the backseat was a tight fit, and Plaintiff responding, "K." Def.'s Mot. Summ. J. Ex. 4, at 12:01. Plaintiff claims his arms were wrenched backwards, his shoulder popped, and he experienced extreme pain. The only sound is a body shuffling into the vehicle. No pops, no screams, not even a grunt. Plaintiff claims he was then shoved into the car. The audio reflects Defendant advised Plaintiff how to situate himself in order to be the most comfortable. Plaintiff acknowledged he was in — "K" — and then Defendant shut the door. *Id*. at 12:22-23. The Court did not err when it considered the lack of recorded sound, in conjunction with the remainder of the record, all of which undermined Plaintiff's claims.

The Opinion and Order granting Defendant's motion for summary judgment does not contain "palpable defects," and Plaintiff's motion for reconsideration will be denied.

**III**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 29, is **DENIED**.

Dated: November 28, 2012          s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2012.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS